UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

GMAC MORTGAGE CORPORATION
3451 Hammond Avenue, Ste. 150
Waterloo, IA 50702

              Plaintiff

vs.                              Case No:_____

ELLEN R. LEWIS
5910 8th Street, NE
Washington, DC 20011

and

UNITED STATES OF AMERICA
Agency: INTERNAL REVENUE SERVICE

Serve: United States Attorney's Office
        District of Columbia
        Civil Process Clerk
        555 4th Street, NW
        Washington, DC 20530

        Attorney General
        United States of America
        Attn: Assistant AG for Administration
        Justice Management Division
        USDOJ
        750 Pennsylvania Avenue, NW
        Washington, DC 20530

**Area Director**
**Manager, Technical Support**
**Internal Revenue Service**
**George Fallon Federal Building**
**31 Hopkins Plaza**
**Baltimore, MD 21201**

**Defendants**

## COMPLAINT
## "ACTION INVOLVING REAL PROPERTY"

The Complaint of GMAC MORTGAGE CORPORATION, by counsel, The

Fisher Law Group, PLLC, against Defendants, ELLEN R. LEWIS and UNITED

STATES OF AMERICA, respectfully represents unto this Honorable Court as

follows:

### JURISDICTION

This Court has jurisdiction over this matter by virtue of Section 11-921 of

the District of Columbia Code and, as to the defendant United States of America,

by virtue of 28 USC 2410.

### PARTIES

1.    Plaintiff is a corporation and brings this action as the rightful holder

of a Deed of Trust Note dated April 21, 2000, intended to be secured by a deed of

trust, the terms of which are sought to be imposed on the herein described Subject

Property by the establishment of equitable mortgage, constructive trust, or other

appropriate equitable remedy.

-2-

2.     Defendant ELLEN R. LEWIS is adult resident of the United States, a resident of the District of Columbia  and are under no legal disability. She is the surviving tenant by the entirety of Richard Dents Lewis who died September 17, 2004.

3.     Defendant, United States of America, is sued herein as the holder of a federal tax lien which is a lien on the herein described Subject Property, the priority of which is alleged to be inferior to the Deed of Trust sought to be established by this action.

### COUNT ONE
*(Establishment of Equitable Mortgage, Constructive Trust, Quiet Title and Other Appropriate Equitable Relief)*

### STATEMENT OF FACTS

4.     This action involves real property situate, lying and being in the District of Columbia and being more fully described as Lot 76 in Square 3735, in the subdivision made by Warts Inc, filed in Plat Book 132,  Page 121. The property is improved by a dwelling located at 5910 8th Street, NE, Washington, DC 20011, which is believed to be the residence of the Defendant Lewis. This property will be hereafter referred to as the "Subject Property."

5.     Record legal title to the Subject Property is presently vested in Defendants, RICHARD DENTS  LEWIS AND ELLEN R. LEWIS, as tenants by the entireties by virtue of a Deed dated October 23, 1970 and recorded as Instrument 19793 in Liber 13152 at Folio 558 among the Land Records of the

-3-

District of Columbia. The Subject Property is now solely owned by ELLEN R. LEWIS by virtue of the death of RICHARD DENTS LEWIS.

6.    In April, 2000, RICHARD DENTS LEWIS borrowed $100,000 from GMAC Mortgage Corporation dba Ditech.com, which indebtedness was evidenced by a Deed of Trust Note April 21, 2000. Repayment of the said note was agreed to be secured by a Deed of Trust granted by both RICHARD DENTS LEWIS AND ELLEN R. LEWIS to a trustee for the benefit of GMAC Mortgage Corporation dba Ditech.com. Said Defendant Lewis in fact signed the said Deed of Trust, and it was properly acknowledged, but the Deed of Trust was not recorded and, at present, the original of said Deed of Trust cannot be located. The plaintiff and the Lewises agreed that the Deed of Trust would be a first lien of record against the Subject Property.

7.    The payments due under the Deed of Trust Note are in default, but plaintiff is unable to take the actions permitted by the misplaced Deed of Trust, including foreclosing, as a consequence of not having the original deed of trust recorded. Defendant Lewis retains the beneficial enjoyment of her interest in the Subject Property.

8.    That the above circumstances are such that it would be inequitable for Defendant Lewis to have the benefit of a title to her entire interest in property intended to be secured by the Deed of Trust which is unfettered by a lien securing

-4-

the plaintiff. Plaintiff is entitled to appropriate equitable relief. Plaintiff has no adequate remedy at law.

9.    That pursuant to Paragraph seven (7) of the Deed of Trust as contracted Defendant Lewis is obligated to pay the legal fees and costs associated with this action.

10.    On October 2, 2000, a Federal Tax Lien in favor of Defendant, United States of America, was recorded as Instrument No. 92124 in the Office of the Recorder of Deeds of the District of Columbia against taxpayer Ellen R. Lewis. The lien was for unpaid income taxes for the tax period ending December 31, 1996. The amount of the unpaid balance of the assessment as of the date the assessment was issued on September 25, 2000 was $6,828.73.

11.    Said tax lien was created to secured an antecedent obligation and the interest of the United States of America is not the interest of a purchaser of an interest in property; it is the interest of a general creditor. As such it is junior to the rights of the plaintiff, who has the rights of a purchaser and is entitled to priority except as to a person who pays contemporary value in good faith, without knowledge of the claim of the plaintiff and who records first. The lien of United States of America has a facial priority over the lien sought to be established herein and the plaintiff seeks to quiet title by establishing that its lien is the first priority lien as to the Subject Property.

12. Plaintiff is further entitled to priority as an equitable subrogee of that Deed of Trust recorded December 30, 1998 as Instrument No. 100028 in the Office of the Recorder of Deeds of the District of Columbia, in that the proceeds of the loan it made to the plaintiffs was used to satisfy that loan, the payoff of which was $96,186.13. This prior deed of trust was released by Instrument No. 103946 recorded November 13, 2000 in the Office of the Recorder of Deeds of the District of Columbia, which was subsequent to the date the federal tax lien was filed.

13. Attached hereto in support of the Complaint are the following documents from among the origination documents in possession of the Plaintiff and documents recorded in the Land Records of the District of Columbia:

- Copy of Deed of Trust dated April 21, 2000

- Copy of Promissory Note dated April 21, 2000

- Closing Accommodation Rider establishing that loan was to be secured by first priority Deed of Trust

- Copy of HUD-1 Settlement statement and addendum

- Copy of prior lien dated December 30, 1998

- Copy of release of prior lien dated November 13, 2000

- Copy of Federal Tax Lien referred to in Paragraph 10 of Complaint.

- Copy of Deed referred to in Paragraph 5 of Complaint.

**WHEREFORE**, Plaintiff claims the following relief:

A.    That Plaintiff be adjudged the holder of an equitable mortgage securing Defendant Ellen Lewis' interest in the Subject Property securing repayment of an indebtedness in the amount of $100,000.00 under the financial terms of the note attached hereto as an exhibit.

B.    That Defendant Ellen Lewis be enjoined to execute and deliver a replacement second Deed of Trust, and that, upon her failure to do so, a trustee be appointed to execute and deliver the new Deed of Trust in her place and stead.

C.    That Defendant Ellen Lewis be adjudged a constructive trustee for the benefit of the Plaintiff to the extent of her equity in the Subject Property, and that she be enjoined and directed to execute the trust, and that, upon her failure to do so, a trustee be appointed to execute the constructive trust in her place and stead.

D.    That the lien so establish be quieted as the first lien against the Subject Property with priority over the interest of the United States of America.

E.    For costs of this litigation and attorney's fees.

F.    And for such other and further relief as the nature of this cause may require or to this Honorable Court may seem just and proper.

THE FISHER LAW GROUP, PLLC

By:_____
    JEFFREY B. FISHER (Bar No: 212308)
    MARTIN S. GOLDBERG (Bar No: 460159)
    Attorney for Plaintiff
    9440 Pennsylvania Avenue, Suite 350
    Upper Marlboro, MD 20772
    (301) 599-7700

**G:\A\DOC\Traci\Litigate\lewis751933_revision1.wpd**