# DEED OF TRUST

This Deed of Trust made on this 28th day of December 19[illegible] by and between [illegible] Davis & Ellen R Lewis 4910 5th St. N.E. Washington D.C. 20011 [illegible] and [illegible] Manassas, VA 20109 [illegible] Portsmouth Rd Manassas, VA 20109 [illegible]

Whereas [illegible] indebted to [illegible] Associates Financial Services of America, Inc [illegible] Portsmouth Rd Manassas, VA 20109 beneficiary in the [illegible] sum of [illegible] Five Hundred Nine Thousand [illegible] Hundred Seventy-seven [illegible] Dollars ($509,177.95) as evidenced by a certain Loan Agreement bearing even date herewith and payable in 180 consecutive monthly installments the first of which shall be due on February [illegible] 1990 and each [illegible] succeeding installment is due one month after maturity of the immediately preceding installment. The first installment shall be $ [illegible] and the remaining installments shall be $ 1[illegible].80 each with the final [illegible] being the unpaid balance.

[illegible] desires to secure the full and prompt payment of the debt and interest thereon as well as any renewals [illegible] of the Loan Agreement and also to secure the reimbursement to the holder of the Loan Agreement and to [illegible] the trustee and any purchaser or purchasers under any sale or sales as provided by this Deed of Trust, for [illegible] and expenses incurred with respect thereto including reasonable counsel fees incurred or paid on account [illegible] in law or in equity which may arise with respect to this Deed of Trust or [illegible] indebtedness or the property [illegible] obtaining possession of the premises after any sale which may be made as herein provided.

Now therefore this Deed of Trust witnesseth that trustor in consideration of the premises and of One Dollar ($1.00) in [illegible] does hereby grant and convey unto the trustee in fee simple the following-described property situate in the [illegible] all that piece or parcel of land, together with the improvements thereon [illegible] appurtenances thereto belonging, lying and being in the District of Columbia, and being known, [illegible] and designated as Lot 70, in Square [illegible], in a subdivision made by [illegible] Incorporated, as per plat [illegible] in the Office of the Surveyor for the District of Columbia in Liber [illegible] at folio [illegible]. [illegible] same real estate conveyed to Richard [illegible] Lewis and Ellen R. Lewis, husband and wife, as tenants by the entireties with the right of survivorship as at common law, by Deed from Sylvester C. [illegible] husband and wife, dated [illegible], recorded 10/29/[illegible], among the Land [illegible] DISTRICT OF COLUMBIA, in Deed Book [illegible], Page [illegible].

TAX MAP REFERENCE # [illegible]

Together with all the improvements now or hereafter thereon or in anywise appertaining and all the estate, right, title, interest and claim, either at law or in equity, or otherwise however, of trustor of, in, to or out of the land or premises, and all fixtures [illegible] attached to or used in connection with the premises herein described.

To have and to hold the described property unto and to the use of trustee, his heirs, successors and assigns, in fee simple. And trustor for himself, his heirs, executors and administrators, covenants with trustee, his heirs, successors and assigns that he is seised of the premises in fee and has the right to convey the same in fee simple, that the same are free and clear of all encumbrances, and he does hereby bind himself and his heirs, executors, administrators, and assigns to warrant and forever defend all and singular the premises unto trustee, his heirs, successors and assigns, from and against the claims of all persons whomsoever.

And upon the uses and trusts hereinafter declared, that is to say:

To permit trustor, his heirs, successors and assigns to possess and enjoy the described premises and to receive the issues and profits thereof until default is made in the payment of any manner of indebtedness hereby secured or in the [illegible] of the covenants herein provided, and

[illegible] the full payment of the Loan Agreement or of any extensions or renewals thereof and the interest thereon and all [illegible] advanced or expended as herein provided and all other proper costs, charges, commissions, half-commissions [illegible] expenses, to release and reconvey in fee to and at the cost of trustor, his heirs and assigns, the described land and premises.

On the default in the payment of any of the indebtedness hereby secured or in the performance of any of the terms or conditions hereof as herein provided, or if all or part of the premises are sold or transferred by the trustor without the prior written consent of the holder of this indebtedness, then, in either event, all of the indebtedness hereby secured shall at once become due and payable without notice at the option of the holder of the note and trustee, or the trustee acting in the execution of this trust shall have power and it shall be his duty thereafter to sell the above-described property, and in case of any default of any purchaser to resell, at public auction, for cash, in one parcel at such time and place, and after such previous public advertisement as trustee or the trustee acting in the execution of this trust shall deem advantageous and proper, and to convey the same in fee simple upon compliance with the terms of the sale, to and at the cost of the purchaser [illegible] who shall not be required to see to the application of the purchase money, and shall apply the proceeds of such sale or sales (1) to pay all proper costs, charges and expenses, including all attorneys' fees and other fees [illegible] herein provided for, all moneys advanced for costs or expenses, expense of litigation, taxes or assessments, insurance with interest thereon, and all ground rents, taxes, general and special, and assessments, due on the land and premises at the time of sale; (2) to pay whatever may then remain unpaid of the principal of the Loan Agreement whether the same shall be due or not, and the interest thereon to date of payment, it being agreed that the Loan Agreement shall, on such sale being made before the maturity of the Loan Agreement, be and become immediately due and payable at the election of the [illegible] pay the remainder of the proceeds, if any, to trustor, or his assigns, on delivery and surrender to the purchaser [illegible] possession of the premises, less the expense, if any, of obtaining possession.

ORIGINAL (1)
BORROWER COPY ( )
RETENTION COPY (1)

[illegible]

9209 | 00020
99[illegible] PM 2:05

tabbies
PLAINTIFF'S
EXHIBIT
5

The holder of the indebtedness secured by this Deed of Trust shall be entitled to remove, substitute, or add a trustee or trustees, at its option, with or without cause or notice by instrument duly executed, acknowledged, and filed for record in the office of the recorder of deeds for the District of Columbia. The powers herein, when granted to two trustees, may be exercised by either acting individually or by both acting together.

Trustor, for himself, his heirs, executors, administrators, and assigns, in order to more fully protect the indebtedness secured by this deed of trust, does hereby covenant and agree as follows:

1. Trustor will pay the indebtedness as hereinbefore provided.

2. The lien of this instrument shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness or any part thereof secured hereby.

3. Trustor will keep the improvements now existing or hereinafter erected on the premises insured against loss or damage by fire and other hazards and perils included within the scope of a standard extended coverage endorsement, and such other hazards as beneficiary may require, in such amounts and for such periods as beneficiary may require and in an insurance company or insurance companies acceptable to beneficiary. All insurance policies and renewals shall designate beneficiary as mortgage loss payee and shall be in a form acceptable to beneficiary. Trustor hereby confers full power on beneficiary to settle and compromise all loss claims on all such policies, to demand, receive, and receipt for all proceeds becoming payable thereunder, and at beneficiary's option, to apply same toward either the restoration or repair of the premises or the payment of the Loan Agreement. Any application of such proceeds toward payment of the Loan Agreement shall not extend or postpone the due date of monthly installments due under the Loan Agreement.

If Trustor fails to perform the covenants and agreements contained in this Deed of Trust, including, without limitation, covenants to pay taxes, procure insurance, and protect against prior liens, beneficiary may at its option, but shall not be required to, disburse such sums and take such actions necessary to pay such taxes, procure such insurance, or otherwise to protect beneficiary's interest. Any amount disbursed by beneficiary hereunder shall be an additional obligation of trustor secured by this Deed of Trust. Unless trustor and beneficiary agree otherwise, all such amounts shall be payable immediately by trustor upon notice from beneficiary to trustor, and may bear interest from the date of disbursement by beneficiary at the lesser of the Agreed Rate of interest stated in the Loan Agreement or the highest interest rate permissible by applicable law. Nothing contained in this paragraph shall require beneficiary to incur any expense or take any action whatsoever.

4. Trustor will keep the premises in as good order and condition as they are now, reasonable wear and tear excepted, and will not commit or permit any waste of the premises.

5. If any suit, action, or proceeding whatsoever is commenced or prosecuted for collection of the Loan Agreement or any part thereof or for the enforcement of any indorsement or indorsements thereof, or any other matters hereby secured, or in reference to the execution of the trust hereby created or any of the trust, property, or funds which may become a part thereof, trustor will pay all costs, charges, and expenses of the same, including reasonable attorneys' fees and charges.

6. The covenants contained herein shall bind and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors, and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural shall include the singular, the use of any gender shall be applicable to all genders, and the term "holder of the Loan Agreement" shall include any payee of the indebtedness hereby secured or any transferee thereof whether by operation of law or otherwise.

7. Unless prohibited by law, as additional security, trustor hereby gives to and confers upon beneficiary the right, power, and authority, during the continuance of these trusts, to collect the rents, issues and profits of said property, reserving unto trustor the right prior to any default by trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, beneficiary, upon giving written notification to the trustor or his successors, etc., may either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name, sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less allowable expenses of collection of such rents, issues and profits, and the application thereof aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

Notice of the exercise of any option granted herein to the holder of the Loan Agreement secured hereby, or in the Loan Agreement, is not required to be given, trustor hereby waiving any such notice.

In Witness Whereof, trustor has hereunto set his hand and seal on the day and year first above written.

[signature] (SEAL)
RICHARD DENIS LEWIS

[signature] (SEAL)
ELLEN R. LEWIS

Acknowledgment

State of VIRGINIA ss
County of Prince William

I, Pamela J. Shillingburg, a notary public in and for the State of Virginia, do hereby certify that Richard Denis Lewis & Ellen R. Lewis party to a certain deed bearing date on the 28th day of December 1998 and hereto annexed, personally appeared before me in said state, the being personally well known to me as the person who executed the said deed and acknowledge the same to be his act and deed.

Given under my hand and seal this 28th day of December 1998

[signature] (SEAL)
Notary Public

My Commission Expires: 09/30/01

I (WE) THE OWNER(S) OF THE REAL PROPERTY DESCRIBED WITHIN CERTIFY, SUBJECT TO CRIMINAL PENALTIES FOR MAKING FALSE STATEMENTS PURSUANT TO SECTION 404 OF THE DISTRICT OF COLUMBIA THEFT AND WHITE COLLAR CRIMES ACT OF 1982, EFFECTIVE DECEMBER 1, 1982 (D.C. LAW 4-164; D.C. CODE AT 22-2514), THE THE REAL PROPERTY DESCRIBED WITHIN IS EITHER CLASS 1 PROPERTY OR CLASS 2 PROPERTY, AS THOSE CLASSES OF PROPERTY ARE ESTABLISHED PURSUANT TO SECTION 412A OF THE DISTRICT OF COLUMBIA REAL PROPERTY TAX REVISION ACT OF 1974, APPROVED SEPTEMBER 3, 1974 (88 STAT. 1051; D.C. CODE AT 47-813), WITH 5 OR FEWER UNITS"

SUBSCRIBED AND SWORN TO BEFORE THIS 31 DAY OF Dec , 1998.

NOTARY PUBLIC

My Commission Expires: 9/30/02

Doc# 2000103945

Recording Requested By
ASSOCIATES HOME EQUITY SERVICES. INC.

When Recorded Return To:

ASSOCIATES HOME EQUITY- SKYWAY
P. O. BOX 650404
IRVING, TX 75265-0404

---

## CERTIFICATION OF SATISFACTION

Associates Home Equity Service Inc. #:03124B0228343977 "LEWIS" Lender ID /BOX 13641 District of Columbia District of Columbia

KNOW ALL BY THESE PRESENTS:

That N. MCPHERSON, ASST. VICE PRESIDENT (name, title) representing ASSOCIATES FINANCIAL SERVICES OF AMERICA, INC., does hereby certify and acknowledge, under penalties of perjury, that the promissory note or other evidence of indebtedness secured by that certain mortgage/deed of trust made by RICHARD DENIS LEWIS, AND ELLEN R LEWIS to ASSOCIATES FINANCIAL SERVICE OF AMERICA, INC./ANTHONY T WALKER, mortgage/trustee(s), dated 12/28/1998 and recorded 12/30/1998 as Instrument No 9800100028 Book/Reel/Liber 1207, Page/Folio 369, among the Land Records of the District of Columbia, which encumbers the real property described herein, has been fully paid and that ASSOCIATES FINANCIAL SERVICES OF AMERICA INC was, at the time of satisfaction the holder of the promissory note or other evidence of indebtedness and that the lien of said mortgage/deed of trust is hereby released.

The property encumbered by said mortgage/deed of trust is described as follows:

Legal: SEE ATTACHED

Property Address: 5910 8TH ST.NE WASHINGTON,DC,20011

WITNESS the hand and seal of the party making this certification on 06/10/00

Associates Financial Services of America, Inc

On June 10, 2000

By: [signature]

N MCPHERSON, ASST VICE PRESIDENT

STATE OF Texas
COUNTY OF Dallas

ON June 10, 2000, before me, Kim M. Rogers, a Notary Public in and for the County of Dallas, in the State of Texas the foregoing instrument was acknowledged before me by N. MCPHERSON, ASST. VICE PRESIDENT who is personally known to me (or provided satisfactory evidence) and acknowledged said instrument to be the free act and deed of the corporation

IN WITNESS WHEREOF, I hereunto set my hand and official seal

[signature]
Kim M Rogers
Notary Expires: 03/26/2002

Kim M Rogers
Notary Public, State of Texas
My Comm. Expires 03/26/02

(This area for notarial seal)

ASSOCIATES HOME EQUITY, P. O. Box 650404, Dallas, Texas 75265
DJG 20000L03-0054 DCWASHI DISTRICT OF COLUMBIA DC DAT 3171 1/0312480228343977 KXDCOO??

PLAINTIFF'S
EXHIBIT
6
tabbies

ATLANTIC ASSURANCE COMPANY
Agent For
STEWART TITLE GUARANTY COMPANY

File Number 819324-T01
Commitment No 819324

Date Printed: December 21, 1998 at 10:04 AM

EXHIBIT A

ALL that certain lot, piece or parcel of land, together with the improvements thereon and appurtenances thereto belonging, lying and being in the District of Columbia, and being known, numbered and designated as Lot 76, in Square 3735, in a subdivision made by Warts Incorporated, as per plat recorded in the Office of the Surveyor for the District of Columbia in Liber 132 at Folio 134.

BEING the same real estate conveyed to Richard Dents Lewis and Ellen R. Lewis, husband and wife, as tenants by the entirety with the right of survivorship as at common law, by Deed from Sylvester C. Morton nad Herta H. Morton, husband and wife, dated 10/22/70, recorded 10/29/70, among the land records of the DISTRICT OF COLUMBIA, in Deed Book 13152, Page 558.

TAX MAP REFERENCE # 76-3735.